IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| 1621 COIT ROAD REALTY, LLC, <br> 5601 PLUM CREEK DRIVE REALTY, LLC, <br> 2301 NORTH OREGON STREET REALTY, and <br> 8200 NATIONAL AVENUE REALTY, LLC <br><br> Plaintiffs, <br><br> v. <br><br> MIDWEST TX REALTY, LLC, <br> JOSEF NEUMAN, and <br> OSCAR ROSENBERG, <br><br> Defendants. | No. 16-cv-03337-D <br><br> Judge Sidney A. Fitzwater |

## CAPITAL FINANCE, LLC'S UNOPPOSED MOTION FOR LEAVE TO INTERVENE AND BRIEF IN SUPPORT THEREOF

Capital Finance, LLC ("Capital Finance"), by and through its undersigned counsel, and pursuant to Rule 24 of the Federal Rules of Civil Procedure, hereby moves for leave to intervene in this action to protect its interest in its collateral, and to dispense with the requirement, if any, that this Motion be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The above-captioned plaintiffs, 1621 Coit Road Realty, LLC ("Coit Road"), 5601 Plum Creek Drive Realty, LLC ("Plum Creek"), 2301 North Oregon Street Realty, LLC ("North Oregon"), and 8200 National Avenue Realty, LLC ("National Avenue") (collectively referred to as "Plaintiffs") are unopposed to this motion. In support hereof, Capital Finance states as follow:

### Background

**I.     Nature of the Present Action.**

Plaintiffs commenced the instant action by filing a complaint against Midwest TX Realty,

LLC ("Midwest") and two of its principals, Josef Neuman ("Neuman") and Oscar Rosenberg ("Rosenberg"), on November 30, 2016 (collectively, the "Defendants"). Plaintiffs are the owners of six properties in Texas and two properties in Oklahoma that have been used and operated by certain borrowers of Capital Finance (described below) as either skilled nursing facilities or long-term acute-care hospitals (collectively, the "Properties"). Midwest leases the Properties from the Plaintiff pursuant to a master lease agreement, and in turn, subleases the Properties to the Borrower, who operates the skilled nursing facilities and long-term acute-care hospitals.

The Complaint alleges that on June 5, 2015 Plaintiffs entered into a Master Lease with Midwest so that Midwest could sublease the Properties to affiliates of Midwest that would obtain licenses for and operate the facilities as skilled nursing facilities or long-term acute-care hospitals. The Complaint alleges that Midwest breached the Master Lease by, among other things, failing to pay rent under the terms of the Master Lease and unilaterally ceasing operations at two of the facilities.

The Complaint further states that as a result of the alleged breaches of the Master Lease, the Plaintiffs are entitled "to immediate relief, including but not limited to appointment of a Manager/Consultant to operate the facilities and the imposition of a constructive trust for the benefit of Plaintiffs for the collection of all monies received by Midwest related to the operation of the facilities located at the properties." *See* Complaint ¶4.

On December 2, 2016, Plaintiffs' filed an Emergency Motion for a Temporary Restraining Order and Appointment of a Manager/Consultant (the "TRO Motion"). The TRO Motion requests issuance of a temporary restraining order against Midwest and "any of its officers, agents, servants, employees, and attorneys, and any other person in active concert with

those persons including Neuman and Rosenberg, (ii) the appointment of a Manager/Consultant pursuant to the terms of a Master Lease between Plaintiffs and Midwest, and (iii) the imposition of a constructive trust for the benefit of Plaintiffs for the collection of all monies received by Midwest relative to the operation of the facilities located at the Properties owned by Plaintiffs and leased to Midwest under the Master Lease." TRO Motion at ¶ (a)-(c).

## II.     Capital Finance's Interest in the Present Action.

On or about July 1, 2015, Capital Finance made a revolving credit financing facility (the "Credit Facility") available to certain affiliated entities of Midwest (collectively, the "Borrower") pursuant to a Credit and Security Agreement (as amended, restated, modified and otherwise in effect from time to time, the "Credit Agreement").[1]  As security for the payment and performance of the Borrower's obligations under the Credit Agreement, Borrower granted Capital Finance a continuing first priority lien (subject to any subordination and intercreditor agreements) on and security interest in any and all assets of the Borrower, including, *inter alia*, all of Borrower's accounts, and all of Borrower's money, contract rights, chattel paper, documents, deposit accounts, accounts receivables, securities, investment property, instruments, goods, inventory, equipment, fixtures, letter-of-credit rights, commercial tort claims, and insurance claims with respect thereto, and all of Borrower's rights, remedies, security, liens and supporting obligations, in, to and in respect of the foregoing; and as more particularly described in the Credit Agreement (collectively, the "Collateral").  Capital Finance has properly perfected its first priority security interest in the Collateral.

---

[1] PLANO SPECIALTY HOSPITAL OPERATOR LLC, PLANO HEALTHCARE RESIDENCE OPERATOR LLC, MESA HILLS SPECIALTY HOSPITAL OPERATOR LLC, MESA HILLS HEALTHCARE RESIDENCE OPERATOR LLC, PLUM CREEK SPECIALTY HOSPITAL OPERATOR LLC, PLUM CREEK HEALTHCARE RESIDENCE OPERATOR LLC, MIDWEST CITY HEALTHCARE RESIDENCE OPERATOR LLC, and SPECIALTY HOSPITAL OF MIDWEST CITY OPERATOR LLC are collectively referred to as the Borrower under the Credit Agreement.

In connection with the Credit Facility, and contemporaneous with the execution of the Credit Agreement, Capital Finance, Midwest, and the Plaintiffs, among others, entered into that certain Intercreditor Agreement dated July 1, 2015 (as amended, restated, modified and otherwise in effect from time to time, the "ICA"). Pursuant to the terms of the ICA, the Plaintiffs and Midwest agreed that at all times, Capital Finance shall have a first and prior security interest in the Collateral, including, *inter alia*, all deposit accounts and all accounts arising from the delivery of goods and rendering of services by the Borrower to secure the obligations of Borrower under the Credit Agreement Further, the Plaintiffs and Midwest expressly agreed to subordinate to Capital Finance's senior security interest any and all security interests they may have in the Collateral pursuant to the master lease or any sublease. ICA ¶ 2.1(f). In addition, Plaintiffs and Midwest agreed that they would not take any enforcement action with respect to the Collateral without the express written consent of Capital Finance. ICA ¶ 2.1(f). The Plaintiffs also agreed that until all of the obligations due and owing to Capital Finance under the Credit Facility are paid in full, they shall not exercise any remedies with regard to the Collateral. ICA ¶ 2.3(a). A true and correct copy of the ICA is attached hereto and incorporated herein as **Exhibit A**.

Because the funds on which Plaintiffs seek to impose a constructive trust are subject to Capital Finance's senior security interest, Capital Finance seeks to intervene herein for the purpose of defending against Plaintiffs' request for a constructive trust.

### Argument and Authority

**I. Capital Finance Should be Permitted to Intervene in this Case as a Matter of Right.**

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides:

> Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> …
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Capital Finance seeks leave to intervene for a limited purpose—to protect its interests in its Collateral—and should thus be permitted to intervene as a matter of right.

A party seeking to intervene as a matter of right must establish four requirements: (1) the potential intervenor has a sufficient interest relating to the transaction that is the subject of the action; (2) the potential intervenor is situated so that the disposition of the action may impair or impede its ability to protect its interest; (3) the potential intervenor's interest is inadequately represented by the existing parties to the lawsuit; and (4) the motion to intervene is timely. *See Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (quoting *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004)). "Although failure to satisfy any one element precludes the applicant's right to intervene," the Fifth Circuit has noted that "the inquiry under subsection (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application," *Id*. Generally, intervention should be permitted when "no one would be hurt and greater justice could be attained." *Id.* (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (internal quotations and citations omitted).

### a. Capital Finance has a sufficient interest relating to the transaction that is the subject of the action.

With respect to the first requirement, Capital Finance undoubtedly has a substantial interest in the outcome of the action filed by the Plaintiffs. Capital Finance's first priority and

properly perfected security interest in the Collateral clearly constitutes an "interest relating to the property or transaction which is the subject of the action" and that it is entitled to intervene as of right. *See* 6 J. Moore, Moore's Federal Practice § 24.03[2][a] (3d ed. 2005) (direct interest in property that is subject of litigation is ground for intervention as a matter of right). The funds on which Plaintiffs seek to impose a constructive trust are subject to Capital Finance's security interest, thus Capital Finance has a sufficient interest in the outcome of the action.

### b. Capital Finance is situated so that the disposition of the action may impair or impede its ability to protect its interest.

Moreover, Capital Finance's interest and lien on the Collateral could be significantly impaired if the motion to intervene is not granted as the Plaintiffs seek a determination that it has an interest in the Collateral that are superior to those held by Capital Finance. The relief sought by Plaintiffs is contrary to the express provisions of the ICA and any determination as to the Plaintiffs' request for a constructive trust should be subject to the terms of the ICA.

### c. Capital Finance's interest is inadequately represented by the existing parties to the lawsuit.

The Fifth Circuit has described the burden on this third factor as "minimal," noting that a potential intervenor need only show that "representation by the existing parties may be inadequate." Capital Finance's interests will not be adequately represented by the parties to this action. The Plaintiffs seek to impose a constructive trust on funds that constitutes Capital Finance's Collateral and is subject to the ICA. The Plaintiffs have already violated the terms of the ICA by commencing the action, and will not adequately represent Capital Finance's interests. Moreover, the Defendants may not adequately represent Capital Finance's interests due to the alleged default under the Master Lease with Plaintiffs.

**d. The motion to intervene is timely.**

The Fifth Circuit has identified four factors to consider when determining the timeliness of intervention, including: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) prejudice to the existing parties resulting from the intervenor's failure to apply for intervention sooner; (3) prejudice to the intervenor if his application for intervention is denied; and (4) the existence of unusual circumstances. *Trans Chem., Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003) citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977). Capital Finance's motion to intervene is timely as: (i) the Complaint was just filed on November 30, 2016; (ii) responsive pleadings to the Complaint are not due as of the filing of this Motion; (iii) none of the named parties in the Complaint have answered the Complaint or filed responsive pleadings; and (iv) there has been no scheduling order entered and there has been no pre-trial discovery conducted. Given that the litigation is still in its infancy, no prejudice could possibly result from Capital Finance's intervention. Capital Finance will, however, be prejudiced if the Court denies it the opportunity to intervene to protect its interests in this action.

**II. In the Alternative, this Court should grant Capital Finance Permissive Intervention in this Matter.**

Alternatively, Capital Finance seeks permissive intervention pursuant to Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure, which provides:

> (b) PERMISSIVE INTERVENTION.
>
> (1) *In General.* On timely motion, the court may permit anyone to intervene who:
> …
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Permissive intervention is proper when the intervenor demonstrates a claim or defense

that shares a common question of law or fact with the main action. *See, SEC v. Stanford Intern. Bank, Ltd.*, 429 Fed. Appx. 379, 382 (5th Cir. 2011) ("[a] court may allow permissive intervention if the movant can demonstrate that it 'has a claim or defense that shares with the main action a common question of law or fact' and that it will not 'unduly delay or prejudice the adjudication of the original parties' rights."). Here, as set forth above, the funds on which Plaintiffs seek to impose a constructive trust are subject to Capital Finance's senior perfected security interest, Capital Finance seeks to intervene herein for the purpose of defending against Plaintiffs' request for a constructive trust. Additionally, allowing Capital Finance the right to intervene herein will not unduly delay or prejudice the adjudication of the rights of the Plaintiffs or any other parties at this early stage of the action.

### III. This Court should dispense with the requirement that this Motion be accompanied by a pleading setting forth the claim or defense for which intervention is sought.

As the Complaint was filed on November 30, 2016, should the Court grant Capital Finance leave to intervene in this matter, it should also permit it thirty days from the date the Complaint was filed to file and serve a responsive pleading to the Complaint, instead of the requirement pursuant to Rule 24(c) that the instant motion be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). No party to this action would be prejudiced by this request, as the Defendants are not yet required to file a responsive pleading to the Complaint.

### Conclusion

For the foregoing reasons, Capital Finance's Motion to Intervene should be granted and it should be permitted to intervene in this action, including responding to and being heard on the Motion for Temporary Restraining Order, and to protect its interest in the Collateral.

          Respectfully submitted,

          */s/ Buffey E. Klein*
          Buffey E. Klein
          Husch Blackwell
          2001 Ross Avenue Suite 2000
          Dallas, Texas  75201-2995
          214.999.6152
          buffey.klein@huschblackwell.com

          and

          Joel L. Perrell Jr. (pro hac vice to be filed)
          Kristen M. Siracusa (pro hac vice to be filed)
          Miles & Stockbridge P.C.
          100 Light Street, 10th FL
          Baltimore, MD 21202
          410-385-3762
          jperrell@milesstockbridge.com

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule 7.1(b)(2) of the United States District Court for the Northern District of Texas, Dallas Division, on December 6, 2016, attorney for Capital Finance, LLC, Joel Perrell spoke with attorney for Plaintiffs, David Giles.  Mr. Giles stated that his clients have no objection to Capital Finance intervening in this case.

          /s/  Buffey Elizabeth Klein
          Buffey Elizabeth Klein

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2016 a true and correct copy of the foregoing was served on all counsel of record via Electronic Service via the Northern District of Texas Electronic Case Filing System (ECF).

          */s/ Buffey E. Klein*
          Buffey E. Klein