## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| **1621 COIT ROAD REALTY, LLC, 5601 PLUM CREEK DRIVE REALTY, LLC, 2301 NORTH OREGON STREET REALTY, LLC, and 8200 NATIONAL AVENUE REALTY, LLC** | ) ) ) ) ) ) |  |
| **Plaintiffs,** | ) ) | **No. 16-cv-03337-D** |
| **v.** | ) ) | **Judge Sidney A. Fitzwater** |
| **MIDWEST TX REALTY, LLC, JOSEF NEUMAN, and OSCAR ROSENBERG,** | ) ) ) ) |  |
| **Defendants.** | ) ) | |

## DEFENDANT MIDWEST TX REALTY, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS EXPEDITED MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY IN CONNECTION WITH PLAINTIFFS' EMERGENCY MOTION TO COMPEL DEFENDANTS TO COOPERATE WITH FILING OF "CHOW" APPLICATIONS

Defendant Midwest TX Realty, LLC ("Defendant Midwest") respectfully submits this Memorandum of law in Support of its Expedited Motion for Leave to Conduct Limited Discovery in Connection with Plaintiffs' Emergency Motion to Compel Defendants to Cooperate with Filing of "CHOW" Applications ("Motion for Injunctive Relief"). In support thereof and hereof, Defendant Midwest respectfully avers as follows:

### THE RELIEF REQUESTED

Defendant Midwest and the individual defendants named in this action seek narrow and carefully tailored expedited discovery tied directly to the substance of Defendant Midwest's position that the Plaintiffs come before the Court with unclean hands in pursuing the relief set forth in their Motion for Injunctive Relief. See Motion for Injunctive Relief at DN # 90. Defendant Midwest has

obtained certain documentation and information which supports a finding that the Plaintiffs and Benchmark Healthcare Consultants (the Court-appointed manager in this litigation) have taken actions, or directed third parties to take actions, that were - and are - well beyond the scope of the manager's authority set forth in the Court's December 12, 2016 appointment order.  See DN # 34.  Such actions and directions improperly purport to bind the third party operating companies that hold licenses to 7 of the 8 health care facilities to matters as significant as the renewal of regulatory licenses, and purporting to alter the composition of the boards of directors of the operating entities as well as their corporate officer(s).   The Plaintiffs and the manager directed actions to be taken which cannot be reconciled even under the most favorable interpretation of the Court's appointment order.  Under no circumstance can the Plaintiffs or the manager justify any number of the actions that they have taken.  (The fact that the Plaintiffs baldly assert that their principal Moishe Gubin, has been properly authorized, or possesses the requisite authority, to act as a managing agent for any of the non-party operating companies – none of which are subject to the manager's appointment powers - is intemperate and insupportable.)[1]  In the process, third parties have taken, and/or have been asked to take, actions in reliance upon such purported authority.

The conduct that Defendant Midwest has uncovered is troubling enough that it seeks to conduct discovery by way of the production of certain documents from the Plaintiffs and Benchmark and to also conduct four depositions in advance of judicial consideration of the Motion for Injunctive Relief. Defendant Midwest further requests that an evidentiary hearing be held at the appropriate time, and subject to the Court's calendar, in order that the Court may receive evidence regarding the Plaintiffs'

---

[1] These Plaintiffs vigorously opposed Defendants Midwest's motion to compel them to file "CHOW' applications in light of their conduct as de facto operators of the health care facilities.  It should not be lost on the Court that they are taking the very actions that they denied in their response filed on January 3, 2017 at DN # 52.

and Benchmark's actions, and which Defendant Midwest believes will inform the Court's consideration of the extraordinary relief being sought by the Plaintiffs.

Accordingly, Defendant Midwest seeks leave of Court to conduct limited written discovery and depositions as they relate to: (i) the purported lease agreements that Plaintiffs allege they have entered into with one or more prospective tenants and new operators, copies of which have <u>not</u> been produced to date by Plaintiffs and (ii) communications and documents that the Plaintiffs and/or manager have had, or directed third parties to have, with any regulatory authorities since the manager's appointment by the Court. The requested discovery is targeted in scope and, given the potentially significant ramifications to the defendants with respect to the broad and far-reaching relief sought by the Plaintiffs, Defendant Midwest respectfully avers that a grant of its expedited motion is appropriate at this time.

As set forth herein, this Court can and should authorize such expedited discovery, which is reasonable under the circumstances and supported by good cause.

## LEGAL ARGUMENT

### A.     Authority and Standard for Expedited Discovery Requests

District courts have broad discretion over discovery issues arising before them, *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003), including those related to the timing of discovery requests. *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 426 (4th Cir. 1996) ("District courts enjoy nearly unfettered discretion to control the timing and scope of discovery."); *Dent v. Montgomery Cty. Police Dep't*, 745 F. Supp. 2d 648, 663 (D. Md. 2010) ("District courts have broad discretion to manage the timing of discovery, and the only formal limitation on this discretion with respect to consideration of motions to amend scheduling orders is that the moving party demonstrate good cause.") (internal citations omitted).

The Federal Rules of Civil Procedure also authorize courts to modify discovery timelines and order expedited discovery.  *Dimension Data N. Am., Inc. v. Netstar-1, Inc.* 226 F.R.D. 528, 530 (E.D.N.C. 2005); *Malon v. Franklin Fin. Corp.*, No. CIVA 3:14cv671, 2014 WL 5795730 (E.D. Va. Nov. 6, 2014); *Tribal Casino Gaming, Enterprise v. W.G. Yates & Sons Construction Co.*, No. 1:16CV30, 2016 WL 3450829, at *3 (W.D.N.C. June 16, 2010).  Fed. R. Civ. P. 26(d)(1) expressly provides that a party may obtain discovery before a Rule 26(f) scheduling conference "when authorized . . . by court order," as does Local Rule 104.4.  Federal Rules of Civil Procedure 30(a), 33(b), 34(b) and 36 also permit the court to adjust the timing requirements imposed under Rule 26(d) and to expedite the time for responding to discovery requests.

Notably, courts often grant expedited discovery in conjunction with preliminary injunction motions, particularly when parties are at risk of irreparable harm.  *See, e.g., Malon v. Franklin Fin. Corp.*, CIV A 3:14cv671, 2014 WL 5795730, at *3 (E.D. Va. Nov. 6 2014) (granting expedited discovery to plaintiff prior to anticipated preliminary injunction motion, where plaintiff had made showing of irreparable harm); *Asheboro Paper & Packaging, Inc. v. Dickinson*, 599 F. Supp. 2d 664, 668 (M.D.N.C. 2009) (noting that the court had granted expedited discovery relating to issues raised by the plaintiff's request for injunctive relief before the preliminary injunction hearing); *see also Ciena Corp. v. Jarrard*, 203 F.3d 312, 324 (4th Cir. 2000) (remanding to the lower court with instructions to provide the defendant an opportunity to conduct expedited discovery in order to file a motion to dissolve a preliminary injunction); *Dan River, Inc. v. Unitex Ltd.*, 624 F.2d 1216, 1220 (4th Cir. 1980) (describing expedited discovery in the district court in preparation for preliminary injunction hearing).

Although "specific standards for evaluating expedited discovery motions are not set out in the Federal Rules of Civil Procedure," a "standard based upon reasonableness or good cause, taking into

account the totality of the circumstances" is consistent with the Rules and should be applied in the matter *sub judice. NetStar-1, Inc.*, 226 F.R.D. at 531-32 (collecting cases); *accord, e.g., Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC*, No. 5:15-CV-115-BR, 2015 WL 12600175, at *3 (E.D.N.C. June 30, 2015) (noting that "[t]he Comments to the Rules of Civil Procedure recognize that it may be appropriate to allow expedited discovery when a party seeks preliminary injunctive relief").

Against this backdrop, Defendant Midwest believes, and therefore avers, that its Expedited Motion for Leave to Conduct Limited Discovery should be granted.

**B.      Defendant Midwest's Narrow Request for Expedited Discovery is Reasonable and Supported by Good Cause**

**1.      *The Instant Request is Reasonable in Light of the Posture of this Case and the Underlying Events***

Defendant Midwest's instant request for expedited discovery is reasonable in light of the Plaintiffs' pending Motion for Injunctive Relief.  Defendant Midwest is making this motion for limited expedited discovery now, in order to obtain additional facts that it believes may be directly relevant to the Motion for Injunctive Relief and Defendant Midwest's position that the Plaintiffs come before the Court with unclean hands.  While the Motion for Injunctive Relief is completely devoid of any supporting evidence and nakedly conclusional as to the "cooperation" sought, Defendant Midwest should nevertheless be afforded an opportunity to make an evidentiary record prior to a dispositive ruling on the relief sought by the Plaintiffs.[2]

**2.      *Defendant Midwest's Request is Narrowly Tailored.***

The limited expedited discovery requested by Defendant Midwest is reasonable in its scope and directly related to Plaintiffs' request for "cooperative" injunctive relief.  More specifically, the

---

[2] Defendant Midwest is not waiving its legal arguments set forth in its Response to Plaintiffs' Motion for Injunctive Relief that the underlying relief sought by Plaintiffs is not ripe for consideration and that it cannot be granted as against the non-party operating companies that hold licenses to 7 of the 8 health care facilities under Fed. R. Civ. P. 65(d).

Plaintiffs cannot be heard to argue that it is burdensome as it relates to the purported lease agreements which Plaintiffs allege they have entered into with one or more prospective tenants and new operators, see Plaintiffs' Memorandum of Law in Support of Motion for Injunctive Relief at p.6, as well as communications and documents that the Plaintiffs and/or manager have had, or directed others to have, with regulatory authorities subsequent to the manager's appointment.  These documents are already in the Plaintiffs' possession, custody or control, and should not require an extensive search.  Defendant Midwest further seeks to conduct four depositions, which include a Rule 30(b)(6) deposition of the Plaintiffs' designee, the deposition of Jeffrey Sax, a principal of manager Benchmark Healthcare Consultants, the deposition of Israel Navarro, who is, upon information, a principal of one of the proposed tenants and new operators, and the deposition of Bobbi Snyder, allegedly the CEO of the health care facilities.  Here again, any alleged burden to the Plaintiffs in complying with such limited expedited discovery should be minimal, and it is most assuredly outweighed by the potential harm to Defendant Midwest (and the other defendants) in not being afforded an opportunity to undertake limited discovery on an expedited basis.

The limited expedited discovery requested here is either in line with, or less burdensome than, what courts have ordered in other cases.  *See, e.g.*, *JTH Tax, Inc. v. M & M Income Tax Serv., Inc.*, No. 6:13-cv-00265-GRA, 2013 WL 460316, at *3 (D.S.C. Feb. 6, 2013) (depositions as well as written discovery); *Nutrition & Fitness, Inc. v. Progressive Emu, Inc.*, No. 5:12-CV-192-F, 2012 WL 1478734, at *5 (E.D.N.C. Apr. 27, 2012) (five depositions including one Rule 30(b)(6) deposition, 20 document requests, and 10 interrogatories); *Laboratory Corp. of Am. Holdings*, 2010 WL 3945111, at *2-3 (seven broad classes of documents and a Rule 30(b)(6) deposition); *U.S. Commodity Futures Trading Comm'n v. Smith*, No. 1:10CV00009, 2010 WL 1759542, at *4-5 (W.D. Va. Feb. 23, 2010) (allowing more than 10 depositions and broad discovery to identify wrongdoing, assets, customers, and

149202.01601/105881834v.1

customers and Defendants' sources of funds); *Asheboro Paper and Packaging*, , 599 F. Supp. 2d at 676-77 (at least one deposition, in addition to paper discovery); *Physicians Interactive v. Lathian Systems, Inc.*, No. CA 03-1193-A, 2003 WL 23018270, at *10 (document requests, interrogatories, and physical access to multiple computer systems for the purpose of forensic mirroring); *see also, e.g.*, *Doe v. Johnson*, CV 15-250 TUC DCB (D. Az. Aug. 14, 2015) (granting Plaintiffs and their experts access to detention facilities for physical inspection and documentation via video and photography footage); *Bremson v. United States*, 459 F. Supp. 121, 124 (W.D. Mo. 1978) (deposition of IRS agent and interrogatories).

The requested limited discovery is directly related to Defendant Midwest's contention that a grant of injunctive relief is not warranted under these circumstances.  Therefore, the narrow relief sought by Defendant Midwest by way of limited expedited discovery is warranted.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant Midwest respectfully requests that the Court grant its

Expedited Motion for Leave to Conduct Limited Discovery as it relates to the Plaintiffs' Motion for

Injunctive Relief.

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Leon R. Barson*
Leon R. Barson
Admitted *Pro Hac Vice*
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103-6998
(215) 569-5500
(215) 569-5555 (fax)
*lbarson@blankrome.com*

Joshua A. Huber
Of Counsel
Texas State Bar No. 24065457
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 632-8640
(713) 228-6605 (fax)
*jhuber@blankrome.com*

*Attorneys for Defendant Midwest*
Dated: July 6, 2017                *TX Realty, LLC*

149202.01601/105881834v.1

<u>**CERTIFICATE OF SERVICE**</u>

  The undersigned attorney hereby certifies that on July 6, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which constitutes service on all parties of record.

          */s/ Leon R. Barson*
          Leon R. Barson

149202.01601/105881834v.1