IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| 1621 COIT ROAD REALTY, LLC, ) | |
| 5601 PLUM CREEK DRIVE REALTY, LLC, ) | No.  16-cv-03337-D |
| 2301 NORTH OREGON STREET REALTY, ) | |
| LLC, and 8200 NATIONAL AVENUE ) | Judge Sidney A. Fitzwater |
| REALTY, LLC ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| MIDWEST TX REALTY, LLC, ) | |
| JOSEF NEUMAN, OSCAR ROSENBERG ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT MIDWEST'S**
**EXPEDITED MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY**

Despite Midwest TX Realty, LLC's ("Midwest's") own prior emergency motion to compel the filing of change of ownership ("CHOW") applications (DE 40) at the facilities subject to the Master Lease between the parties, Midwest now opposes Plaintiffs' CHOW motion (DE 90), which seeks the very same relief Midwest previously requested. Conducting a CHOW will ensure that operations continue at each of the facilities, in accordance the Court's prior orders (DEs 22, 34, and 43), and minimize Defendants' damages, which continue to accrue. So, it is surprising that Defendants oppose Plaintiffs' CHOW motion. Instead of agreeing to conduct a CHOW with Plaintiffs' new operators at the facilities, Midwest now seeks leave (DE 97) ("motion") to engage in an irrelevant and costly discovery fishing expedition, which will serve

only as a distraction from what all parties desire—a successful CHOW transitioning from Midwest's operators to Plaintiffs' new operators.[1] Midwest's motion should be denied.

Midwest's motion fails to cite any legal basis for the expedited discovery it seeks, and no such basis exists. The Court has not ordered an evidentiary hearing on Plaintiffs' CHOW motion (DE 90). Nor has the Court made a finding of any disputed facts that would warrant discovery and an evidentiary hearing. Similarly, there is no legal basis for Midwest's unclean hands defense, which Midwest seeks to explore through its motion for expedited discovery. There accordingly is no basis to delay a ruling on Plaintiffs' CHOW motion, which simply seeks to enforce the Court's prior orders and grant the relief to which Midwest previously agreed.

## I.     There Is No Basis For Expedited Discovery On Plaintiffs' CHOW Motion.

To justify expedited discovery, the moving party must satisfy its burden of showing good cause. *Fiduciary Network, LLC v. Buehler*, No. 3:15-CV-0808, 2015 WL 11120985, at *1 (N.D. Tex. Mar. 23, 2015). In determining whether good cause exists to order expedited discovery, courts commonly consider (1) whether a preliminary injunction is pending, (2) the breadth of the discovery requests, (3) the purpose for the expedited discovery, (4) the burden on the other party to comply with the requests, and (5) how far in advance of the typical discovery process the request for expedited discovery was made. *Id.*

Other than making the conclusory statement that good cause exists, Midwest fails to articulate why its request for expedited discovery is supported by good cause or to address any of the relevant factors for a good cause analysis. Midwest's failure to even address its burden is

---

[1] Plaintiffs' Emergency Motion to Compel Defendants to Cooperate With Filing of CHOW Applications is fully briefed. (*See* DEs 90, 91, 93, 95, and 96.) Plaintiffs incorporate by reference the arguments made in support of their CHOW motion (DEs 90, 91, and 96) into this opposition.

sufficient to deny its motion outright. But even a quick analysis shows that four of the five good cause factors for expedited discovery weigh in favor of denying Midwest's motion. First, there is no preliminary injunction pending, because the Court has already issued a preliminary injunction. (DEs 22 and 43.) It is enforcement of the Court's prior orders—not a new injunction—that Plaintiffs seek in their current motion to compel Defendants to cooperate with the CHOW filings. (*See* DE 96 at 3 (categories of relief sought by Plaintiffs all fall within the Court's prior order authorizing Benchmark "to obtain full cooperation from Midwest related to operation of the Property").) After the Court previously ordered (DE 28) expedited discovery on Plaintiffs' motion for a preliminary injunction, Defendants' waived discovery and stipulated to the conversion of the Court's temporary restraining order to a preliminary injunction. (DE 43.) Midwest should not be allowed to now seek expedited discovery on Plaintiffs' CHOW motion, which seeks to enforce the very order to which Defendants' stipulated.

Second, the breadth of the requests (second factor) and burden of the requests on Plaintiffs (fourth factor) weigh heavily in favor of denying the motion. Defendants' discovery requests seek, among other things, all information and every communication since December 12, 2016 regarding the facilities between Plaintiffs, Benchmark, Strawberry Fields, and/or Integrity Transitional Hospital and all of its affiliates. (DE 98-1 at Doc. Req. 7.) Given the number of parties included in this request alone, Plaintiffs would be forced to partake in a herculean effort to recover from all of these parties every single electronic record, e-mail, and paper document regarding the facilities over the last seven months. The fact that Benchmark came in as manager under emergency circumstances would make Plaintiffs' collection efforts even more difficult. Defendants' remaining requests (eight additional document requests and four depositions) are similarly broad and unwarranted for a CHOW request, especially when there is agreement that


execution of a CHOW is in the best interests of all parties. (*Id*. at Doc. Reqs. 2-6, 8 (seeking "all communications" between various parties and regulatory agencies).)[2]

Finally, Midwest's motion does not provide a valid purpose for the expedited discovery (third good cause factor). As explained in more detail in Section III of this opposition, Midwest's stated purpose—to seek evidence to support its unclean hands theory—is meritless. Midwest has failed to state any facts to support its unclean hands theory, nor is this theory a valid response to Plaintiffs' CHOW motion since the motion seeks enforcement of orders that the Court has already issued. Midwest accordingly cannot make its required showing of good cause. *See Buehler*, 2015 WL 11120985, at *1. To prevent unnecessary delay in ruling on Plaintiff's CHOW motion, Midwest's motion to conduct a classic discovery "fishing expedition" for support of its unclean hands defense should be denied. *See Samsung Elecs. Am., Inc. v. Chung*, No. 3:15-CV-4108-D, 2017 WL 2832621, at *26 (N.D. Tex. June 26, 2017) (discovery cannot be used to find claims or defenses); *see Torch Liquidating Trust v. Stockstill*, 561 F.3d 377, 392 (5th Cir. 2009) (same); *see also United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 202 F. Supp. 3d 1, 7, 8–9 (D.D.C. 2016) ("discovery rules are designed to assist party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has a basis for a claim").

---

[2] Midwest states in its motion that copies of the lease agreements with the new operators described in Plaintiffs' CHOW motion have not been produced "to date." (DE 98 at 3.) But Defendants have never formally requested the leases, nor did they ask for them informally before the July 6, 2017 meet-and-confer call held with counsel for the individual Defendants a few hours before the filing of the expedited motion to conduct discovery (DE 97). In any event, Plaintiffs are producing the new leases to the individual Defendants, subject to the confidentiality order in this case, with the filing of this opposition.

### II. There Is No Basis For An Evidentiary Hearing On Plaintiffs' CHOW Motion.

Midwest's motion seeks expedited discovery, purportedly so that Midwest may present, at an evidentiary hearing on Plaintiffs' CHOW motion, evidence regarding Plaintiffs' and the Court-appointed manager Benchmark's unclean hands. (*See* DE 98 at 2.) But the Court has not ordered an evidentiary hearing on Plaintiffs' CHOW motion, nor is an evidentiary hearing warranted.

"A defendant must allege sufficient facts which, if proven, would justify belief in order to warrant an evidentiary hearing. Neither general nor conclusive assertions, founded upon mere suspicion or conjecture, will suffice." *United States v. Jones*, 1999 WL 274441, at *2 (5th Cir. 1999) (affirming district court's denial of evidentiary hearing, because "affidavit, without additional evidence or information, is insufficient"); *see also Town of Norwood v. F.E.R.C.*, 202 F.3d 392, 404 (1st Cir. 2000) (mere allegations insufficient to trigger evidentiary hearing). Any affidavits submitted in support of a motion for evidentiary hearing "must be sufficiently definite, specific, detailed, and non-conjectural, to enable the court to conclude that a substantial claim is presented." *Jones*, 1999 WL 274441, at *2.

Here Midwest has alleged no facts to support its request for an evidentiary hearing regarding unclean hands. Midwest's motion is not supported by any affidavits, let alone affidavits that contain evidence or factual allegations regarding Plaintiffs' alleged unclean hands.[3] Therefore, Midwest is left with its wholly unsupported claim that "Plaintiffs come

---

[3] Mr. Barson's July 3, 2017 Declaration (DE 94), which was submitted in response to Plaintiffs' CHOW motion, not Midwest's motion for expedited discovery, is based on inadmissible hearsay. (*See* DE 96 at 8.)

before the Court with unclean hands." (DE 98 at 5.) These mere allegations are insufficient to justify an evidentiary hearing. *Town of Norwood*, 202 F.3d at 404.

### III.   There Is No Basis For Midwest's Unclean Hands Defense.

In addition to being factually unsupported, Midwest's allegation of unclean hands is also legally deficient. To assert a valid unclean hands defense, Midwest must show a direct nexus between Plaintiffs' alleged misconduct and some claimed injury. *S.E.C. v. Cuban*, 798 F. Supp. 2d 783, 796 (N.D. Tex.2011) (Fitzwater, J.) (failure to show nexus between misconduct and injury is "fatal to [] unclean hands defense"). Here Midwest has not articulated any injury whatsoever from Plaintiffs' supposed "unclean hands." Nor has Midwest shown through any competent evidence what misconduct allegedly was committed—much less the required connection or nexus between the alleged misconduct and some injury. It would be difficult to imagine how Midwest would be injured by Plaintiffs seeking to effectuate CHOWs for the facilities when Midwest already asked for the same relief. Plaintiff's motion should be denied for this reason as well. *See id.*

### CONCLUSION

For the foregoing reasons, the Court should deny Midwest's motion (DE 97) and grant Plaintiffs' CHOW motion (DE 90).

Dated: July 12, 2017                         /s/ Mir Y. Ali
                                                Mir Y. Ali

                                                John N. Scholnick
                                                jscholnick@schiffhardin.com
                                                David C. Giles
                                                dgiles@schiffhardin.com
                                                Mir Y. Ali
                                                mali@schiffhardin.com
                                                *(all admitted pro hac vice)*
                                                SCHIFF HARDIN LLP
                                                233 S. Wacker Dr., Suite 6600
                                                Chicago, Illinois 60606
                                                (312) 258-5500 (phone)
                                                (312) 258-5600 (fax)

                                                *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that on July 12, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which constitutes service on all parties of record.

                                                        /s/     Mir Y. Ali